Leroy L. Litsey's Exr. *v.* Jane Hardin's Exr.

**Commissioner's Report — Bar to Subsequent Action — Evidence.**

　　In the settlement of an estate, the administrators had a commissioner appointed to render an accounting. The report of this commissioner, though never confirmed and ordered to be recorded, was not excepted to by the complainants in an action against the administrators to settle the estate, but their bill was dismissed after the commissioner's report was filed. This is held to be persuasive evidence against complainants, if not an absolute bar to a subsequent action.

APPEAL FROM WASHINGTON CIRCUIT COURT.

June 28, 1867.

Opinion of the Court by Judge Williams:

In October, 1831, the heirs of B. I. Head, deceased, brought suit against the administrators, including Mrs. Hardin, appellee, to settle the estate, and for distribution.

The answer in this case stated that there were still outstanding liabilities of the decedent to George and T. Smith for $200 each.

The administrators also gave an account of assets received and money paid out on account of the estate. The matters were referred to a commissioner to settle and report a balance sheet, who reported that the administrators had paid out $1,122.56 more than received, including the slaves.

When at the November term, 1842, " by agreement of the parties it is ordered that this suit be dismissed without prejudice, at complainant's costs."

Mrs. Hardin was the relict of B. I. Head, deceased, and at the administrator's sale in 1822, she purchased some $534 worth of property, in Commonwealth Bank paper — then worth about fifty cents to the dollar. She by agent confessed judgment on this debt at November term, 1823, but no payment was coerced; she afterward married Henry Hardin, when at the August term, 1827, the judgment was revived against her and her husband on scire facias and an execution awarded, which in due time was issued and levied, when December 6, 1832, Hardin and wife filed a bill in chancery and enjoined any further proceedings thereon, in which they set out the pendency of the foregoing suit of the

heirs of decedent to have the estate settled, and averred that her dower and distributable interest would fully discharge this judgment, and on which they finally obtained a perpetual injunction. George Smith was a lunatic and brother to Mrs. Hardin; Turner Smith was also a brother. August 24, 1827, Hardin and wife entered into a covenant with Turner Smith as committee for George Smith, in which it is set out that both of said $200 debts belong really to the lunatic, and that in consideration of the love they have toward B. I. Head's children and heirs and for one dollar, they agree that the amount of said debts should be deducted out of Mrs. Hardin's share, as heir expectant of her lunatic brother, he never having married. Some years after this Turner Smith died, and soon after his lunatic brother, George, also died. The administrator of George sued Turner Smith's administrator for a settlement of his decedent's accounts as committee, and surcharged several items of charges made against the lunatic, and alleged that these two $200 debts of B. I. Head's estate should have been collected and, therefore, his estate should be held responsible.

Turner Smith's administrator made his answer a cross-suit, against Mrs. Hardin and her then husband, Mordecai Hardin, Henry Hardin being dead, and set up said convenant of 1827, and asked that said debts of B. I. Head's estate be allowed out of her share as heir to her deceased lunatic brother's estate, and to which she plead her coverture, and which this court on appeal in 7 B. Mon. 390, held to be a good defense.

The children and heirs of B. I. Head had derived by descent from their ancestor lands, and after the reversal of the foregoing judgment Turner Smith's administrator sued them for said debts of their ancestor to George Smith; said suit was abated as to all but Mary Litsey and her husband, L. L. Litsey, and a judgment was rendered against them which was paid.

Litsey having died testate, his executor, January 1, 1861, brought suit on the administration bond executed in 1822, by B. I. Head's administrators averring a *devastavit* and seeking to hold them responsible for the amount which his testator had paid on these debts to George Smith.

All these proceedings were set up either by petition or answer and Mrs. Hardin, the then only surviving administrator of B. I. Head and who died pending the suit, also set up that she had

never gotten what was exempt from sale and due her as surviving widow, and that this would amount to as much as her purchase, or nearly so, at the sale of her deceased husband's estate.

The court dismissed this petition, and Litsey's executor seeks a reversal.

Litsey and wife were complainants in the original bill filed by heirs of B. I. Head to have a settlement and distribution of B. I. Head's estate, and which was dismissed in the year of 1842.

The settlement then made by the commissioner, although never confirmed and ordered to be recorded, yet was not excepted to by the complainants, and as they dismissed their bill after the commissioner's report was filed, it is most persuasive evidence against them, if not an absolute bar.

The judgment perpetually enjoining any further proceedings against Mrs. Hardin, and her then husband, Harry Hardin, has never been reversed, and is still in full force, and however erroneous it may have been, we have now no power to correct it. These debts then held by Turner Smith as committee for his brother George and in his own name were brought to view in that suit, and as the heirs of B. I. Head had derived land by descent, they should have known and understood their responsibility for said debts, and sought to have them paid, if there was then personal assets in the administrator's hands.

But if they were lulled from so doing by the contract of 1827 between Mrs. Hardin and her husband, Henry, and Turner Smith, still after the reversal of that case in 1847, either a personal remedy against Henry Hardin's estate on that covenant, as suggested by this court, or a suit against the administrators of B. I. Head, if such suit could have been maintained, remained open to them.

Under all these circumstances, we concur with the court below in dismissing the petition of appellant, and this whether there be an actual bar by lapse of time or not.

Wherefore, the judgment is affirmed, and this will end a litigation which in one shape and another has existed for nearly half a century, and has survived all the original parties.

*Brown,* for Appellant.

*Craddock,* for Appellee.

Judge Hardin not sitting in this case.